```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|                               |   |                              |
|-------------------------------|---|------------------------------|
| MARK WITTSTADT, et al.        | : |                              |
|                               | : |                              |
| v.                            | : | Civil Action No. DKC 15-1263 |
|                               | : |                              |
| ROSA MARIA REYES              | : |                              |
|                               | : |                              |

**MEMORANDUM OPINION**

On April 30, 2015, Green Tree Servicing, LLC, filed a notice of removal from the Circuit Court for Montgomery County. (ECF No. 1). It styled the action as *Rosa Maria Reyes v. Green Tree Servicing, LLC,* and explained in a footnote that foreclosure proceedings were initiated against Ms. Reyes, in which a final order of ratification was entered. After entry of the final order, "Plaintiff attempted to file a 'Counter-Complaint' in the foreclosure case . . . . However, because the foreclosure case concluded more than one month earlier, Plaintiff's 'counter-complaint' was treated as a new complaint and was docketed as a separate action." (ECF No. 1, at 1 n.1). After the court issued an order to show cause, Ms. Reyes moved to remand the action to the Circuit Court. For the following reasons, the motion to remand will be granted.

The procedural history of this case is as follows. Mark Wittstadt, Gerald Wittstadt, and Deborah Holloway Hill,

("Substitute Trustees"), filed an order to docket in the Circuit Court for Montgomery County on November 27, 2013, commencing a foreclosure action against Rosa Maria Reyes and her home, a residential property in Montgomery County. The case was assigned number 384504V. (ECF No. 18-2).

At some point, a foreclosure sale was held and a final order of ratification was entered on October 7, 2014. A motion to vacate was filed by the Substitute Trustees on March 13, 2015, but it was denied on March 19, 2015. On March 19, Ms. Reyes filed both a response to the motion to withdraw report of sale and vacate ratification and a counterclaim against Green Tree Servicing, LLC. In both, she asserted that Green Tree is the entity that acquired the servicing rights while Ms. Reyes' loan was in default, and thus was "Plaintiff's pseudo party" and had violated the Real Estate Settlement Procedures Act by conducting the sale. On April 2, 2015, Ms. Reyes filed a motion to alter or amend the order denying the motion to withdraw report of sale and vacate ratification, contending that Green Tree Servicing, LLC had conceded that the sale was conducted in error and had been rescinded. On May 11, 2015, the ratification was vacated.

In accordance with the Administrative Order that had been in place since August 20, 2012, the clerk in the Circuit Court

opened a new case when the counter claim was filed. The Administrative Order provides that: (1) the clerk is to accept a counterclaim in a foreclosure proceeding and docket it in the foreclosure case along with a copy of the Administrative Order, (2) the counterclaim is "severed for the purpose of litigation," (3) the clerk is to assign a separate case number to the counterclaim and create a separate file, (4) the clerk is to mark the files as related in the case management system, (5) the clerk is to assign the counterclaim to a particular track, (6) "any such counterclaim file and the related foreclosure case *shall be delivered together* to that judge's chambers for the resolution of any preliminary motions and determination of the order in which the issues raised shall be heard[,]" and finally, (7) the foreclosures pending ratification continue to be screened under Maryland Rule 14-207.1 and presented to the Administrative Judge for ratification. (ECF No. 18-11) (emphasis added). Accordingly, on March 19, 2015, Case 402551V was opened with the counterclaim. (*Id.*). The counterclaim is associated with two related case numbers, 38450V and 402551V, but the notice of removal purports to remove only Case 402551V.

Under 28 U.S.C. § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

the defendants."  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

The original foreclosure proceeding was not removable, nor did it become removable when the federal defenses were asserted or the counterclaim filed.  *Cohn v. Charles*, 857 F.Supp.2d 544, 548 (D.Md. 2012).  A federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds.  See *UTrue, Inc. v. Page One Sci., Inc.*, 457 F.Supp.2d 688, 690 (E.D.Va. 2006) ("Moreover, were the well-pleaded complaint rule not to apply on removal, and were counterclaims permitted to become a basis for jurisdiction on removal, the result would be an unwarranted and nearly limitless expansion of removal jurisdiction.").  As held in *Cohn v. Charles*, 857 F.Supp.2d at 548, the filing of an order to docket a foreclosure commences an action in the circuit court, and is

4

brought by the trustees. A counterclaim filed within the foreclosure proceeding does not create a removable civil action. Judge Messitte further commented in *Cohn* that:

> whether or not an order to docket a foreclosure is a complaint, the Trustees and Nationstar had no authority to unilaterally sever the Counterclaim and Third Party Complaint from the foreclosure proceeding and remove just that portion of the case to federal court. Matters relating to the administration of the state court proceeding, including whether to sever the federal claims from the foreclosure, lie within the Maryland Circuit Court's discretion. *See Fairfax Sav*.[, *F.S.B. v. Kris Jen Ltd. P'ship*], 655 A.2d [1265, 1275 n.9 (Md. 1995)] ("Although there is no theoretical obstacle to docketing a counterclaim by the mortgagor in a mortgage foreclosure proceeding, there are innumerable practical difficulties. . . . If the counterclaim is filed before sale, the court may be required to exercise its discretion as to which aspect of the single action on the docket is to proceed first. . . . If exceptions to the ratification of the sale are filed, a circuit court may also have to consider issues of severance under Md. Rule 2-503(b) as well as issues relating to the preservation of the right to a jury trial.").

857 F.Supp.2d at 548-49.

The Administrative Order that governs the docketing of Ms. Reyes' counterclaim directs that a counterclaim filed in a foreclosure proceeding in the Circuit Court for Montgomery County shall be accepted and docketed in the foreclosure proceeding, but also severed "for the purpose of litigation" and

5

assigned a separate case number, with the files marked as related for case management purposes. Furthermore, the Administrative Order directs that the foreclosure and related counterclaim files are to be delivered together to a judge for further processing. Green Tree argues that this Administrative Order served to create a separate civil action subject to removal.

The Administrative Order does not cite any Maryland rule or other authority for its issuance, but the role of administrative orders generally is to ameliorate administrative aspects of running a court's docket, and not to alter substantive aspects of a case. Based on the directives in the Administrative Order, the counterclaim is filed in both the original foreclosure proceeding and as a new case, but the cases are to remain attached and coordinated. The Administrative Order was designed to deal effectively with the practical problems identified in the *Fairfax Savings* case.

The use of the word "sever" in the order does not magically transform its practical effect. Rather, like in *Brown v. Tax Ease Lien Investments, LLC*, No. 3:14-CV-003335-JGH, 2015 WL 128047 (W.D.Ky. Jan. 8, 2015), the order merely effectuates a bifurcation of the case permitting the court to try the foreclosure and counterclaim separately if necessary, as

6

contemplated by Md.Rule 2-503(b).  "Severance for litigation" is not the same as severance into independent separate actions sufficient to trigger the right to remove.  Nor was the order's intended effect to transform a counterclaim in a foreclosure action into a separate action capable of being removed, as the other directives in the order require that the foreclosure and counterclaim files be marked as related and kept together.  Green Tree's interpretation of the Administrative Order is unavailing and would not promote the efficient adjudication of this case, considering that the issues raised in the counterclaim are the same as the defenses asserted to ratification of the foreclosure sale.

Accordingly, Defendant has not shown that the Administrative Order clearly results in the creation of a new civil action that is subject to removal to this court and therefore the case will be remanded to the circuit court.

        /s/
DEBORAH K. CHASANOW
United States District Judge

7